

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

September 18, 1947

Hon. C. D. Wright
County Attorney
Briscoe County
Silverton, Texas

Opinion No. V-382

Re: Appointment of an as-
sistant to an Ex-of-
ficio County Superin-
tendent under Articles
2701 and 3888, V.C.S.
as amended by S. B.
252, 50th Legislature.

Dear Sir:

We refer to your letter of recent date where-
in you request an opinion from this office on whether
under S. B. 252, Acts 1947, 50th Legislature, Regular
Session, amending Articles 2701 and 3888, it is manda-
tory or permissive for a County School Board to name or
appoint an assistant to the County Judge - Ex-officio
County Superintendent.

Article 2701, as amended by S. B. 252, pro-
vides in part as follows:

"In each county having no School Super-
intendent, the County Judge shall be Ex-
officio County Superintendent and shall
perform all the duties required of the
County Superintendent . . . The County
Board shall name or appoint an assistant
to the Ex-officio County Superintendent
. . . the salary of the assistant Ex-of-
ficio Superintendent of Public Instruc-
tion . . . shall be from and after Sep-
tember 1, 1947, paid from the State and
County Available School Fund."

Article 3888, as amended by S. B. 252, pro-
vides in part as follows:

". . . The Ex-officio Assistant Super-
intendent of Public Instruction shall re-
ceive for his services such salary not to
exceed Fifteen Hundred ($1500) Dollars a

year as the County Board of School Trustees
of the respective county may provide."

Section 5, the emergency clause in S. B. 252
provides in part:

"The fact that there is no definite
provision at present for the appointment
and remuneration of an assistant to the Ex-
officio County Superintendent . . . creates
an emergency . . ."

In the construction of statutes, the word
"may" may be used to mean "shall" or the word "shall"
may be construed to mean "may" according to the inten-
tion expressed in the statute; they must be given the
meaning which will best express legislative intent.
National Surety Corporation vs. Ladd, 115 S. W. (2d)
600, 602; Schlemmer vs. Board of Trustees of Limestone
County, 59 S. W. (2d) 264; Hess & Skinner Engineering
Co. vs. Turney, 203 S. W. 593, 595.

Article 2701, as amended, provides that a
County Judge - Ex-officio County Superintendent shall
perform all the duties required of a County School Su-
perintendent.

There is no legislative intent evidenced in
the statute amended to create the office of an Assist-
ant Ex-officio County Superintendent of Public Instruc-
tion, nor to vest such an assistant with any prescribed
powers or duties. Indeed, under Article 3888, as amend-
ed, the salary of such a named or appointed assistant
may vary anywhere from one dollar or less up to fifteen
hundred dollars a year, whatever the county school board
may provide.

Said statutes as amended clearly authorize the
County School Board to name or appoint an assistant
designated therein as "Ex-officio Assistant Superintend-
ent of Public Instruction" and to provide for his serv-
ices a salary not to exceed Fifteen Hundred Dollars a
year. Certainly, the County School Board in the exer-
cise of its discretionary authority in providing a sal-
ary for such an assistant could effectively thwart an
attempt to force it to appoint such an assistant. In
short, we do not find an intendment within said stat-
utes to impose upon the counties thereby affected an
assistant Ex-officio County Superintendent, if the Coun-
ty School Board acting in cooperation with the County

Judge shall determine that such an assistant is not needed.

Furthermore, this construction of the said amended statutes is consonant with the authority of the County School Board to name or appoint an assistant or assistants to all other elective or appointive county superintendents in this State. Article 2700 as amended by Acts 1947, 50th Legislature, R. S., H. B. 375, and Article 2688, V.C.S. It would seem unreasonable to give a mandatory interpretation to the statute authorizing the naming of an assistant to an ex-officio county superintendent, absent of a clear intendment in the statute to that effect, when the authority to name or appoint an assistant to all other elective or appointive county superintendents in this State is permissive.

It is our opinion, therefore, that under Articles 2702 and 3888, V.C.S. as amended by S. B. 252, Acts 1947, 50th Legislature, Regular Session, Chapter 305, it is permissive rather than mandatory for a County School Board to name or appoint an Assistant to the County Judge - Ex-officio County Superintendent.

## SUMMARY

Under Articles 2702 and 3888, V.C.S., as amended by S. B. 252, Acts 1947, 50th Legislature, Regular Session, it is permissive rather than mandatory for a County School Board to name or appoint an Assistant to the County Judge - Ex-officio County Superintendent.

Very truly yours

APPROVED:

ATTORNEY GENERAL OF TEXAS

*Price Daniel*

ATTORNEY GENERAL

By *Chester F. Ollison*

Chester E. Ollison
Assistant

CEO:mmc:wb:jt